ISAACS *v.* WARREN TERRACE, INC., ET AL.

(No. 878449—Decided December 29, 1971.)

Common Pleas Court of Cuyahoga County.

*Messrs. Sieman, Sieman & Sieman,* for plaintiff.
*Mr. John A. Murphy, Jr.,* for defendant Warren Terrace, Inc.
*Mr. Daniel C. Shipfer,* for defendant Otis Elevator Co.

McMONAGLE, J.   The within action is one that was filed by the plaintiff against Warren Terrace, Inc., who at all times herein concerned, is the owner of an apartment building located at 3310 Warrensville Center Road, Shaker Heights, Ohio, and The Otis Elevator Company which, by contract, maintained the elevator.   There is no substantial dispute about most of the facts in this case.
On November 10, 1967, the plaintiff, in company with

several friends, was leaving the apartment building at 3310 Warrensville Center Road where they had been guests of a tenant in the apartment. The building had a self-service elevator for the use of tenants and guests. The elevator was of the type that when the elevator door was in any phase of being opened and a contact occurred between the edge of the door and a body or any object, it was caused to return to a completely opened state. There were a total of six (6) persons with the plaintiff. They had boarded the elevator at the second floor. It descended to the main floor and upon stopping there, the door opened and the two members of the party who were closest to the door then left the elevator and proceeded out of the building. The plaintiff next started to leave the elevator and when she was in the process of exiting from it, her shoulder came in contact with the door of the elevator and she was injured. Upon the door coming in contact with her shoulder, it immediately returned to the completely opened state. The plaintiff and the other members of her party then left the elevator and returned to their respective homes.

There was no direct evidence introduced as to any malfunctioning of the elevator or the elevator doors, nor was there any evidence of any defective condition of its mechanical or electrical components.

Counsel for the plaintiff contended that the principle of *res ipsa loquitur* applied under the facts of this case. This principle is applicable to a situation where the instrument or vehicle which caused injury is in the exclusive control of a defendant, and the event is one which would not have happened if ordinary care had been used. A trier of the facts may, but is not required, to infer from such circumstances that the defendant was negligent.

Such inference, if made, is sufficient for a finding of negligence; however, the defendant may equal or overcome such inferences by evidence tending to show that the injury was not caused by a lack of ordinary care. The defendants herein contend that such principle is not applicable to the facts in this case.

The Otis Elevator Company is not in exclusive con-

trol of the elevator and no evidence was presented as to negligence by it. The owner of the building does not dispute that the maintenance and upkeep of the elevator is in the first instance its obligation. It is, however, the contention of that defendant that the particular instrumentality, that is—the automatic elevator and its component parts —are not under the exclusive care of the owner since the steps required to activate the mechanism that controls the opening and closing of the doors is the obligation of the riders in the elevator and not any operator thereof; that buttons are provided by which a rider can hold the door open, if necessary to do so, for a longer than normal period of time to permit the ingress and egress of riders from the elevator; that the control is, therefore, really vested in a rider on the elevator rather than in the exclusive control of the owner of the building.

The question of the applicability of the *res ipsa loquitur* principle to the automatic elevator appears to be one of first impression in Ohio. However, the court is satisfied that the principle does apply, since the functioning of the mechanical contrivances that make up the elevator itself are within the exclusive control of the owner of the building and the control exercised by a rider in pushing buttons to open and close doors is not such control as of itself would cause any misfunctions of the mechanical or electrical devices—that control is exclusively in the defendant.

Assume that all the electrical wiring in a structure was under the control and maintenance of the owner of a building; that it became defective and when a business invitee in the building merely flicked the switch to turn on an electric light, that the surge of electricity into the defective wiring caused a fire and injury to the person who had flicked the switch. It could hardly be validly contended that the individual who merely flicked an electric light switch had shared in the control of the mechanical electrical contrivances that were under the control and maintenance of the owner. The application of the *res ipsa* rule authorizes the establishment of a prima facie case of negligence against the defendant, Warren Terrace, Inc.

However, having consideration for the requirement of the *res ispa loquitur* rule that the trier of the facts may, but is not required to, infer from the circumstances of an occurrence that the defendant was negligent, it does not appear that any such valid inferences may be drawn from the circumstances of the case. The circumstances of this case clearly established that no malfunctioning did occur and that the apparatus itself was functioning in the proper fashion.

The testimony was that the door opened when the elevator arrived at the first floor; that two or three of the persons departed the elevator; that the plaintiff started to depart and in so doing, the door came in contact with her shoulder and that upon such contact occurring, the door then fully opened; that the balance of the party who were in the elevator then departed from the elevator and the door subsequently closed. This entire procedure was consistent with the proper functioning of the door as distinguished from any improper functioning. Every user of an automatic elevator at times finds that a door is closing upon him sooner than he expected that it would. If contact is made with the body of a person departing the elevator, the door then opens completely. To sustain a finding for the plaintiff as contended by her in the within cause would require a finding in favor of any plaintiff who sustained an injury when he came in contact with an opening or closing door of an automatic elevator—even when there was no malfunctioning.

The court finds that the plaintiff has not sustained its burden of establishing negligence on the part of the defendants, or either one of them, which would warrant a judgment in her favor.

The finding of the court is one in favor of the defendants and against the plaintiff.

*Judgment for defendants.*